**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2012



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOHN C. RAMIG,<br><br>      Petitioner - Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>      Respondent - Appellee. | No. 11-73898<br><br>Tax Ct. No. 29149-08<br><br>MEMORANDUM[*] |

Appeal from a Decision of the United States Tax Court

Submitted October 11, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

John C. Ramig and Margaret T. Ramig appeal a decision of the Tax Court denying them bad-debt deductions for advances made to ShoeS4Work and other payments made on behalf of the company. Determination of whether an advance to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a business is debt or equity is a finding of fact reviewed for clear error. *Bauer v. Comm'r*, 748 F.2d 1365, 1367 (9th Cir. 1984). We affirm.

It was not clearly erroneous for the tax court to determine that the $29,600 in advances was not a bona fide debt. The tax court determined that the balance of the factors identified in *A.R. Lantz Co. v. United States*, 424 F.2d 1330, 1333 (9th Cir. 1970), favored a conclusion that the advances were equity rather than debt. Perhaps most importantly, the financial condition of the company was such that repayment could not be expected from the company's earnings. Lending was not available from an outside source, so repayment was dependent on the company raising more capital. That weighed against a characterization of Ramig's advances as bona fide business loans. Though factors favoring debt may have made the issue a close call, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc).

Nor was it clearly erroneous for the tax court to determine that the $11,273.60 in credit card charges was not debt. Though Ramig may have expected repayment, he knew that repayment was uncertain and depended, like the repayment of the advances discussed above, upon the company raising more

2

capital. Given the circumstances, it was not clearly erroneous for the tax court to find that the credit card charges were an equity investment.

Judge Silverman's dissent reaches a different conclusion, focusing on the provision of the Key Employee Agreement placing a $50,000 limit on whatever expenses or obligations Ramig might incur on ShoeS4Work's behalf. Assuming that this provision contains an implied promise to repay, that fact is outweighed by the other factors that must be considered under *A.R. Lantz.* Here, the payments charged to the credit card did not have a repayment date, ShoeS4Work was unable to repay Ramig unless it earned money or raised additional capital, ShoeS4Work was not obligated to pay Ramig interest, there was no satisfactory evidence that ShoeS4Work had repaid Ramig for such charges in the past, and Ramig did not demand repayment. It was not clearly erroneous for the tax court to find that these factors outweighed whatever might be implied from the Key Employee Agreement. Therefore, it was not clearly erroneous for the tax court to conclude that the credit card charges were equity and not debt.

Finally, it was not clearly erroneous for the tax court to determine that the $2,500 in payments to Puget Sound Leasing was not debt. Ramig purportedly made the payments as a guarantor for ShoeS4Work, but the Ramigs had the burden to show that the payments were made pursuant to a guaranty agreement. *See*

3

*Brodsky v. Comm'r*, T.C.M. (RIA) 2001-240, 2001 WL 1078113, at \*50 (2001). The Ramigs failed, however, to produce any documentary evidence substantiating any such agreement.

**AFFIRMED**.

<u>Ramig v. Commissioner of Internal Revenue</u>, 11-73898

SILVERMAN, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the Tax Court was within its discretion in finding that the unpaid promissory notes and the unreimbursed lease payments were not proven to be deductible. Although other judges might have come to a contrary conclusion, the court's ruling was supported by adequate evidence and reflected a correct understanding of the law.

The same cannot be said of the Tax Court's treatment of the unreimbursed business expenses charged to Ramig's credit card. Ramig's key evidence on this point was his written employment agreement that authorized him to incur expenses for the company up to a certain amount. Pursuant to this agreement, he expected to be reimbursed. The Tax Court did not even *mention* this provision of the agreement, much less analyze its effect. For this reason, the Tax Court's ruling regarding the credit card charges is not entitled to deference. As I see it, both the explicit terms of the agreement as well as ordinary business practice compel the conclusion that Ramig expected and was contractually entitled to reimbursement of business expenses he charged to his personal credit card on behalf of the company. Because these charges were never reimbursed, Ramig properly deducted them as bad debts.

I therefore respectfully concur in part and dissent in part.